# EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

THE CITY OF CHICAGO, a municipal          )
corporation,                              )
                                          )
                                          )        No. 17 L 5477
          Plaintiffs,                     )
                                          )        Commercial Calendar N
     v.                                   )
                                          )        Honorable Margaret Ann Brennan
TIMOTHY MASON, MARIANA                    )
GERZANYCH, and 350GREEN, LLC, a           )
Virginia limited liability company,       )
                                          )
          Defendants.                     )

## ORDER

This matter coming before the Court on Defendant, Mariana Gerzanych's ("Gerzanych") Motion to Dismiss Plaintiff City of Chicago's (the "City") Complaint pursuant to 735 ILCS 5/2-615, and Defendant Timothy Mason's Limited Motion to Dismiss Plaintiff City of Chicago's (the "City") Complaint pursuant to 735 ILCS 5/2-615; the Court having considered the written submissions and being advised of the premises, finds:

## STATEMENT OF FACTS

The City engaged 350Green, LLC ("350Green") to install and operate electric car charging stations throughout the Chicago area. Pursuant to a cost-reimbursement agreement ("Agreement") between the City and 350Green, 350Green was to engage subcontractors to install and operate the stations. Timothy Mason ("Mason") was the President and 50% owner of 350Green. Gerzanych was the CEO and 50% owner of 350Green. Pursuant to the agreement, Defendants were required to submit sworn proof of payments to the City for reimbursement. 350Green failed to pay its subcontractors and submitted three false invoices. These invoices submitted to the City on June 2011, December 2011 and February 2012 attested that the work was completed and its subcontractors were paid. In April 2012, the City learned that the subcontractors had stopped working because they had not been paid for their January 2012 work. In May 2012, confirmed that Actium Power had not been paid for the purchase of certain equipment as stated in the December 2011 invoice, and that Efacec, USA was the actual supplier and had also not been paid. As a result, the City paid at least $1,066,799.68 to 350Green. Shortly after this discovery a federal criminal investigation began which resulted in Mason pleading guilty, and Gerzanych receiving a "Deferred Prosecution Agreement". The City files this Complaint and alleges violation of the Chicago False Claims Ordinance Count I; violation of the Chicago False Statements Ordinance Count II; violation of the Chicago False Claims Ordinance (Counts I and II); violation of the Chicago and Illinois Consumer Fraud and Deceptive Practices

Acts (Count III); breach of contract (Count IV); and civil conspiracy (Count V), Gerzanych now moves to dismiss Counts I-III, and V against herself pursuant to Section 2-615, and Mason now moves to dismiss Counts II, III, and V as to himself.

## **ARGUMENTS OF THE PARTIES**

Gerzanych argues that Counts II, III, and V are barred by statute of limitations, that she played no role relating to the three fraudulent reimbursement applications nor did she know of any fraudulent conduct until after the invoices were submitted, and finally that the City improperly pleaded the fraud-based Counts against her. Gerzanych argues that City Ordinance §1-21-010 is subject either to a two-year statute of limitations, see *Landis v. Marc Realty, LLC.*, 235 Ill.2d 1, 19 (2009) (Kilbride, J, dissenting), or alternatively that a five-year statute of limitations applies, see *City of Peoria v. Toft*, 215 Ill. App. 3d 440, 444 (3d Dist. 1991), *overruled by*, see *Landis v. Marc Realty, LLC.*, 235 Ill.2d 1, 12. Further, that Count III is subject either to a three-year statute of limitations pursuant to 810 ILCS 505/10a(e), or at best a five-year statute of limitations. *City of Peoria v. Toft*, 215 Ill. App. 3d 440, 444. Finally, the Count V common law civil conspiracy claim is subject to the five-year statute of limitations since the underlying fraud claim is subject to the five-year statute of limitations. *Mauvais-Jarvis v. Wong*, 2013 IL App. (1st) 120070 ¶¶ 109-110; *Khan v. BDO Seidman, LLP*, 2012 IL App. (4th) 120357 ¶ 22. Mason adopts these arguments and submits no other arguments.

Next, Gerzanych argues that she had no involvement with or knowledge of fraudulent conduct at the time the fraudulent invoices were submitted, because submitting invoices was outside the scope of her duties, and because Mason informed her of the fact that he had submitted the fraudulent invoices on June 2012. Additionally, because these details appeared in the City's exhibits, they control over the allegations of the complaint. *Charles Hester Enters., Inc. v. Ill. Founders Ins. Co.*, 114 Ill. 2d 278, 286-87 (1986). Further Gerzanych argues that the City failed to allege Gerzanych's fraudulent conduct with the requisite specificity. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d at 501. Finally the City is not a person or a consumer within the context of 815 ILCS 505/1(e).

In response the City argues that its claims are generally immune to statutes of limitations under the doctrine of *nullum tempus occurri regi. Champaign County Forest Preserve District v. King*, 291 Ill. App. 3d 197, 200, 683 N.E.2d 980, 982 (4th Dist. 1997) ("As a general rule, the statute of limitations will not apply to bar a claim by a governmental entity acting in a public capacity."). The City argues that it is acting in its public capacity because, Defendants conduct not only illegally obtained public revenues in excess of $1,000,000, but also deprived the public of the installation of the charging stations intended for city-wide use. Further the terms of the cited statute of limitations do not expressly apply to municipalities or government units and are therefore inapplicable. *Clare v. Bell*, 378 Ill. 128, 130-31 (1941) (superseded on other grounds). Further the exhibits of a complaint only control the complaint's allegations if the case arises from the exhibits. *Bajwa v. Metro Life Ins. Co.*, 208 Ill.2d 414, 432 (2004). Additionally, the City argues that it did allege its fraud-based claims with sufficient specificity, as they alleged specifically how the invoices were submitted, what the invoices contained, why this information was false, and how the City submitted payment in reliance on these invoices. Further, at all times

Gerzanych was a 50% owner and CEO of 350Green. Gerzanych and Mason also incorporated Actium, a company with no assets, liabilities, or business which played an important role in the scheme. Finally, Plaintiff argues that Count III is not claiming an independent claim under 815 ILCS 505/1(e), but rather a claim under MCC § 2-25-080(a) which provides that a violation of the state statute is also unlawful under the municipal ordinance.

In reply Gerzanych reasserts that she did not know about Mason's fraudulent conduct until after the false invoices were submitted, and argues that the exhibits do control, because the fraud complaint is founded upon the exhibits, particularly the Mason's Plea Agreement, and Gerzanych's Deferred Prosecution Agreement. Additionally, Gerzanych argues that the right to recover the lost revenues belongs only to the City, that the City is not obligated by law to bring these claims, and that the damages requested are only a small portion of the City's budget. As such, the City is bringing this lawsuit in a private capacity rather than a public one and is thus not exempt from the statutes of limitations. Finally, Gerzanych reasserts that the City did not allege fraud with the requisite specificity and argues that she was not an integral part of the scheme because, otherwise the US Attorney's Office would have agreed to prosecute her.

## OPINION OF THE COURT

Section 2-615 motion attacks the legal sufficiency of a complaint. *Beahringer v. Page*, 204 Ill,2d 363, 369 (2003); *Weather-man v. Gary Wheaton Bank of Fox Valley, N.A.*, 186 111.2d 472, 491 (1999), The motion does not raise affirmative factual defenses, but rather alleges only defects on the face of the complaint. *Beahringer*, 204 Ill. 2d at 369. When considering a Section 2-615 motion to dismiss, pleadings are to be liberally construed so as to do justice between the opposing parties. *Abbott v. Amoco Oil Co.*,249 Ill. App, 3d 774, 778 (2d Dist. 1993). All well pleaded facts within the four corners of the complaint are regarded as admitted and true, together with all reasonable inferences drawn in the light most favorable to the plaintiffs. *Id.*

### I. Statute of Limitations

"As a general rule, the statute of limitations will not apply to bar a claim by a governmental entity acting in a public capacity. However, where the entity is acting in a private capacity, its claim may be subject to a limitations defense." *Champaign County Forest Preserve District v. King, 291 Ill. App. 3d 197, 200, 683 N.E.2d 980, 982 (4th Dist. 1997)*. In order to determine if a governmental entity is acting in a public capacity three factors are addressed: "(1) the effect of the interest on the public, (2) the obligation of the governmental unit to act on behalf of the public, and (3) the extent to which the expenditure of public revenues is necessitated." *Id.* (citing, *Board of Education v. A, C & S, Inc.*, 131 Ill. 2d 428, 476; *Shelbyville v. Shelbyville Restorium, Inc.*, 96 Ill. 2d 457, 464-65). In this instance the City is attempting to recover public revenues that were obtained by 350Green through fraudulent actions. While, only a small percentage of the City's annual budget, the City is claiming damages in excess of $1,000,000. That is hardly an insubstantial sum. The public interest is affected by this action, because the city expended over $1,000,000 in public funds to build electric car charging stations for use by the public at large, and these stations were not built. See *Shelbyville* 96 Ill. 2d at 464 (holding construction company liable for failing to construct roads in accordance with annexation

agreement). While the City is not obligated under law to bring this suit, the other factors weigh strongly in the City's favor. Therefore, the City is bringing this action in its public capacity, and as such is not subject to dismissal on grounds of untimeliness. As such Mason's motion to dismiss pursuant to Section 2-615 is denied, and Gerzanych's motion to dismiss pursuant to Section 2-615 is denied.

## II.     Plaintiff's Exhibits

"When the exhibit is not an instrument upon which the claim or defense is founded but, rather, is merely evidence supporting the pleader's allegations, the rule that the exhibit controls over conflicting averments in the pleading is inapplicable." *Bajwa v. Metropolitan Life Insurance Co.*, 208 Ill. 2d 414, 432, 804 N.E.2d 519, 531-32 (2004). In this instance the City's Complaint is not founded upon Masson's Plea Agreement, or Gerzanych's Deferred Prosecution Agreement. These exhibits are useful evidence in support of the City's allegations, but the City's fraud claim is not founded solely upon these documents which were drafted well after the alleged fraudulent behavior occurred. As such Gerzanych's motion to dismiss pursuant to Section 2-615 is denied.

## III.    Sufficiency of Pleadings

To sufficiently plead a cause of action for fraud, the plaintiff must allege facts in support of the following elements: (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance of the statement. *Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 495 (1996). Gerzanych argues that she did not have knowledge that Mason had submitted false invoices, as Mason did not tell her about the fraud until after the invoices were sent. However, that alone does not preclude her knowledge. Further, according to the Deferred Prosecution Agreement, "Gerzanych participated in Mason's scheme to defraud by concealing the scheme from the City of Chicago …, by resubmitting fraudulent invoices provided by Mason to the governmental agencies in an attempt to obtain payment, and by making false representations as to the accuracy of the invoices for payment." As such the City has plead facts sufficient to allege fraud.

Finally, in Count III is not claiming an independent claim under 815 ILCS 505/1(e), but rather a claim under MCC § 2-25-080(a), and as such does not need to be a person, or a consumer. As such Gerzanych's motion to dismiss pursuant to Section 2-615 is denied.

Wherefore, it is hereby

ORDERED:

1. Gerzanych's Motion to Dismiss Pursuant to 735 ILCS 5/2-615 is DENIED.
2. Mason's Limited Motion to Dismiss Pursuant to 735 ILCS 5/2-615 is DENIED.
3. Defendant's to answer complaint by March 16, 2018.
4. This matter is set for status on March 20, 2018 at 9:30 a.m.

Entered:

Judge Margaret A. Brennan

FEB 16 2018

Circuit Court - 1846

Judge Margaret Ann Brennan        1846
Circuit Court of Cook County, Illinois
County Department, Law Division