IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF ILLINOIS, STATE OF ILLINOIS DEPARTMENT OF TRANSPORTATION, and CITY OF CHICAGO *ex rel.*, ANGELO MILAZZO, <br><br> Plaintiffs-Relators, <br><br> v. <br><br> JOEL KENNEDY CONSTRUCTING CORPORATION, *et al.*, <br><br> Defendants. | Civil Action No. 1:17–CV–3062 <br><br> Honorable John J. Tharp Jr. |

**KENNEDY DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Joel Kennedy Constructing Corp. and Joel Kennedy ("Kennedy Defendants") submit this notice of supplemental authority to bring to the Court's attention the Statement of Interest filed by the Attorney General of Illinois on January 7, 2022, in *State of Illinois ex rel. Lindblom v. Sears Brands LLC, et al.,* No. 15 L 60776 (Cook Cty., Ill.) ("*Lindblom*").

In this case, the Kennedy Defendants have argued that the City of Chicago cannot simultaneously maintain its own claims under its False Claims Ordinance because the relator has brought the exact same claims under the Illinois False Claims Act, 740 ILCS 175/1, *et seq*. ("IFCA" or the "Act"). *See, e.g.,* Defendants' Memorandum in Support of Their Motion to Dismiss, at 8-11 [Dkt. #60]; Defendants' Reply in Support of Their Motion to Dismiss, at 3-5 [Dkt. #73]; Defendants' Supplemental Brief in Support of Their Motion to Dismiss, at 6 [Dkt. #97]; Defendants' Supplemental Reply Brief in Support of Their Motion to Dismiss, at 7 [Dkt. #99]. That follows from the IFCA's inclusion of municipalities in its definition of "state," 740 ILCS

1

175/2, and the Act's mandate that *only* the state Attorney General may control false claims actions under the IFCA. Indeed, in their supplemental brief, the City and the Relator asserted that Relators' IFCA claims are based upon alleged fraud against the City of Chicago. *See* Pl. Supp. Br. at 10-11 [Dkt. #96].

As the Kennedy Defendants have explained, the City cannot bring its own claim under its own false claims ordinance concurrently with the Relator's IFCA claims because the state Act reserves **to the State** the exclusive right to control any such false claims litigation in the State. *See* 740 ILCS 175/4(b)(5) ("When a person brings an action under this subsection (b), no person other than the State may intervene or bring a related action based on the facts underlying the pending action"). The Chicago False Claims ordinance aims to do the same thing, reserving the City's right to control the litigation and foreclosing all others (including the State). Chicago, Ill., Code § 1-22-030(b) (2021). When a state false claims action and municipal action conflict (as here), the state action must control. *See* Dkt. 60, at 10; Dkt. 70, at 73; *see also* Dkt. #97, at 6; Dkt. #99, at 7.

*Lindlbom* is a false claims action brought under the IFCA. The relators in that case sought to recover state and local sales tax that the defendant, Lowe's Home Center ("Lowe's"), failed to remit as required by Illinois law. After the relators prevailed at trial on liability, they sought to recover as damages both sales tax payable to the State of Illinois as well as the separate sales tax payable to various municipalities in the State. Lowe's has argued that the relators are prohibited from recovering the sales tax payable to the municipalities because the relators only brought suit on the State's behalf.

In response to this contention by Lowe's, on January 7, 2022, the Illinois Attorney General filed a Statement of Interest in the *Lindblom* case, supporting the *Lindblom* relators' argument that the IFCA permits recovery for damages on behalf of municipalities.

In its Statement of Interest, the Attorney General explains how the IFCA operates to control claims involving alleged fraud against municipalities (like the City of Chicago). The Attorney General does not take a position on the ability of municipalities to have their own false claims ordinances. However, the Attorney General makes several key points that support the Kennedy Defendants' arguments.

First, the Attorney General states that the ICFA "has an expansive definition of "State" and includes municipalities, counties, municipal corporations, and units of local government. 740 ILCS 175/2(a)." Statement at 1. The Attorney General explained that "local municipalities like those at issue in this lawsuit are considered the 'State' for IFCA purposes, and the Attorney General (or relator, in declined cases) is empowered to seek broad recovery" on their behalf." *Id*. at 2; *see also id* ("Because the statute defines 'State' so broadly, though, damages suffered by defrauded municipalities can be pursued in IFCA litigation."). These statements are consistent with the Kennedy Defendants' contention that municipalities such as the City of Chicago are the "state" under the IFCA. *Compare* Dkt. #60, at 9-10; Dkt. #73, at 3-4; Dkt. #97, at 6; Dkt. #99, at 7.

Second, the Attorney General made clear the State's view that "the Attorney General, as the legal officer of the State, is the **only person who represents the State**, both as the State of Illinois and **including the entities** encompassed by the IFCA's definition of State, in IFCA cases and controls how IFCA litigation is conducted." Statement at 5-6 (emphasis added); *see also id*. at 2, 6, 7. The Kennedy Defendants have made the same point in this case. *See* Dkt. #60, at 10; Dkt. #73, at 4; Dkt. #97, at 6; Dkt. #99, at 7.

3

Third, the Attorney General confirms that "only the Attorney General controls IFCA litigation, and *municipalities are prohibited from bringing their own state claims*." Statement, at 2. Indeed, the Attorney General could not have been more clear on this point:

> [A]ffected municipalities *do not have an independent cause of action under the IFCA or exercise any control over IFCA litigation.* By the very terms of the IFCA, only the Attorney General can bring an IFCA case on his own, and only the Attorney General can decline a case and allow a relator to proceed.

Statement at 7 (emphasis added). These statements parallel the Kennedy Defendants' argument that the City of Chicago does not have the right to bring an independent action to redress fraud that is subject to the IFCA, at the same time the relator seeks to bring an IFCA action concerning the exact same alleged fraud. *See* Dkt. #60, at 10-11; Dkt. #73, at 4-5; Dkt. #97, at 6; Dkt. #99, at 7. Even if a municipality can maintain its own false claims ordinance (a proposition the Kennedy Defendants dispute), that municipality cannot maintain a false claims action on its own ordinance concurrently while a *pending* IFCA action based on the same alleged fraud is under way.

The Kennedy Defendants therefore respectfully request that this Court consider the view of the Attorney General as expressed in the attached Statement of Interest in the *Lindblom* case.

Dated: January 19, 2022

Respectfully submitted,

/s/ Matthew M. Collette
Leonard A. Gail
Suyash Agrawal
Matthew M. Collette
MASSEY & GAIL LLP
50 E. Washington Street, Suite 400
Chicago, IL 60602
(312) 283-1590
lgail@masseygail.com
sagrawal@masseygail.com
mcollette@masseygail.com

*Attorneys for Joel Kennedy Constructing Corporation and Joel Kennedy*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2022, I caused a copy of the foregoing to be served on all parties that have not been held in default through the Court's CM/ECF system.

/s/ Matthew M. Collette

FILED DATE: 1/7/2022 11:50 AM   2015L050776

FILED
1/7/2022 11:50 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2015L050776
16200212

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* RICHARD LINDBLOM and RALPH LINDBLOM, <br><br> Plaintiff, <br><br> v. <br><br> SEARS BRANDS, LLC, an Illinois corporation, HOME DEPOT U.S.A., INC., a Georgia corporation, LOWE'S HOME IMPROVEMENT, INC., and/or LOWE'S HOME IMPROVEMENT, LLC, North Carolina corporations, and GREGG APPLIANCES, INC., an Indiana corporation, <br><br> Defendants. | 15 L 50776 <br> Calendar Y <br> Judge James E. Snyder |

## THE ILLINOIS ATTORNEY GENERAL'S STATEMENT OF INTEREST REGARDING RECOVERY OF THE RETAILERS' OCCUPATION TAX FOR MUNICIPALITIES

Illinois Attorney General Kwame Raoul, by his attorneys, submits this limited Statement of Interest to confirm what Relators Richard and Ralph Lindblom have correctly argued: the Illinois False Claims Act (the "IFCA") has an expansive definition of "State" and includes municipalities, counties, municipal corporations, and units of local government. 740 ILCS 175/2(a). Accordingly, the IFCA vests the Attorney General with the power to collect damages, fines, and fees on behalf of affected local municipalities in false claims cases. 740 ILCS 175/3(a)(2); 175/4(a). When the Attorney General declines a case, a relator may similarly pursue recovery. 740 ILCS 175/4(c)(3).

1

FILED DATE: 1/7/2022 11:50 AM    2015L050776

Defendant Lowe's attempts to confuse this straightforward reading of the law by arguing that relators cannot include taxes owed to municipalities in the damages calculation because they were not specifically enumerated at the outset of the lawsuit. Lowe's reading of the statute is incorrect, however. The IFCA is an intentionally broad mechanism that reinforces the General Assembly's intent that the Attorney General (or, in cases like this one, a relator acting with permission from the Attorney General) may seek recovery when governmental entities in Illinois are defrauded.

Lowe's cannot deny that amongst the several governmental entities set forth in the statute, local municipalities like those at issue in this lawsuit are considered the "State" for IFCA purposes, and the Attorney General (or relator, in declined cases) is empowered to seek broad recovery, including compensation for Lowe's fraudulent actions against the municipalities. Furthermore, the municipalities should not be added as individual parties to the litigation; only the Attorney General controls IFCA litigation, and municipalities are prohibited from bringing their own state claims. Because the statute defines "State" so broadly, though, damages suffered by defrauded municipalities can be pursued in IFCA litigation.

Therefore, through this Statement of Interest, the Attorney General clarifies his authority to bring a false claims action when governmental entities located within Illinois are defrauded, including the municipalities at issues in this case, pursuant to a broad definition of "State" at 740 ILCS 175/2(a), and recover damages, fines, and fees. When the Attorney General declines a case, a relator has the right to pursue the action, as the Lindbloms have here. The Attorney General does not take any position on the merits of the remaining arguments set forth in the parties' closing documents.

2

## BACKGROUND

Relators Richard and Ralph Lindblom own and operate Advanced Appliance, Inc. d/b/a Advanced Maytag Home Appliance Center in Schaumburg, Illinois. (3d Am. Comp. ¶ 6.) The Lindbloms brought this lawsuit as *qui tam* whistleblowers pursuant to the IFCA after learning that several defendants, including Lowe's, engaged in a scheme to avoid payment of the Illinois Retailers' Occupation Tax and Use Tax. (*Id.* at ¶ 2.) Specifically, the several defendants claimed that the delivery and installation of certain home appliances was a contract for construction that is exempt from taxes, instead of correctly paying these taxes as a sale from a retail transaction. (*Id.* at ¶ 3.) Engaging in this scheme not only allowed defendants to avoid their obligations to pay tax in Illinois, but it also gave them an unfair advantage over competitors who were appropriately collecting and remitting all taxes as required by law. (*Id.* at ¶4.)

After the Attorney General declined to intervene, the Lindbloms proceeded as relators and successfully proved at trial that Lowe's was liable for non-payment of taxes. The relators and Lowe's have now filed closing statements to determine, among other things, the damages, fines, and fees that Lowe's must pay. The relators' damages calculation includes Retailers' Occupation Taxes that Lowe's owed to several municipalities.[1] Lowe's maintains that taxes owed to local governments should be excluded from the damages calculations and that the "State" in this false claims case is only the State of Illinois.

## INTEREST OF THE ATTORNEY GENERAL

The Illinois Constitution establishes the Attorney General as the "legal officer of the State." Ill. Constit. art. V, § 15. The Supreme Court has repeatedly confirmed that the Attorney

---

[1] The relators' explanation in Section I.A.2 of their written closing filed on October 22, 2021 accurately explains how municipality shares of Retailers' Occupation Taxes are apportioned. To avoid repetition, the Attorney General refers the Court to the relators' briefing for a fulsome explanation of how those taxes are distributed.

3

General "is 'the law officer of the people, as represented in the State government, and its *only* legal representative in the courts.'" *Environmental Protection Agency v. Pollution Control Bd.*, 69 Ill. 2d 394, 398-99 (1977). (emphasis added) (quoting *Fergus v. Russel*, 270 Ill. 304, 337 (1915)); *accord Lyons v. Ryan*, 201 Ill. 2d 529, 540-41 (2002). "[T]he *Fergus* decision stands for the principle that the Attorney General is the sole officer who may conduct litigation in which the People of the State are the real party in interest." *People ex rel. Scott v. Briceland*, 65 Ill. 2d 485, 494-95 (1976). "In the course of its development, the common law gave to Attorneys General the competence to control all litigation on behalf of the State including intervention in and management of all such proceedings." *People v. Massarella*, 72 Ill. 2d 531, 534-35 (1978).

Both the statutory language of the IFCA and Illinois Supreme Court precedent interpreting the IFCA are consistent with these principles. The State is unquestionably the real party in interest in IFCA litigation. 740 ILCS 175/3 (outlining that violators of the IFCA are liable to the State); *State ex rel. Beeler, Schad & Diamond, P.C. v. Burlington Coat Factory Warehouse Corp.*, 369 Ill. App. 3d 507, 513 (1st Dist. 2006) (noting that *qui tam* plaintiffs acts as agents on behalf of the State). The Illinois Supreme Court has interpreted the "plain language of the [IFCA] to provide that the Attorney General in all circumstances effectively maintains control over the [*qui tam*] litigation, consonant with the Attorney General's constitutional role as the chief legal officer of the state." *Scachitti v. UBS Fin. Servs.*, 215 Ill. 2d 484, 513 (2005). As the chief legal officer of the State, he is "the only officer empowered to represent the people in any suit or proceeding in which the State is the real party in interest, except where the constitution or a constitutional statute may provide otherwise." *Burlington Coat Factory*, 369 Ill. App. 3d at 513 (quoting *Scachitti*, 215 Ill. 2d at 514). "When the Attorney General intervenes in the action, the Attorney General conducts the litigation. *Even when the Attorney General*

4

*declines to intervene, the Attorney General retains complete control of the litigation.*" *Scachitti*, 215 Ill. 2d at 512 (emphasis added) (internal citations omitted).

## ARGUMENT

Fundamentally, Lowe's argument to limit recovery is flawed because it ignores the plain language of the IFCA. At the outset of the statute, the IFCA clearly defines "'State'" [to] mean[] the State of Illinois; any agency of State government; the system of State colleges and universities, any school district, community college district, *county, municipality, municipal corporation, unit of local government*, and any combination of the above under an intergovernmental agreement that includes provisions for a governing body of the agency created by the agreement." 740 ILCS 175/2(a) (emphasis added). Given the clarity of this language, this definition can only be reasonably understood to mean that, for IFCA purposes, the legislature meant several different types of governmental entities within Illinois to be included within the purview of false claims recovery. As the Attorney General is the legal officer charged with bringing false claims cases, then, logically, the Attorney General (or in declined cases, relators) can seek broad relief when multiple governmental entities in Illinois are defrauded.

"It is axiomatic that the primary goal in interpreting a statute is to ascertain and give effect to the legislative intent." *Hernandez v. Lifeline Ambulance, LLC*, 2020 IL 124610, ¶ 16 (citation omitted). "The best indication of that intent is the statutory language itself, giving it its plain and ordinary meaning." *Id.* (citation omitted). "When the language of the statutory provision at issue is clear and unambiguous, it must be applied as written without reliance upon other aids of construction." *Id.* (citation omitted).

As applied here, the General Assembly vested the term "State" within the IFCA context with a broad definition to include different governmental entities subdivisions within Illinois

5

borders. The IFCA only permits the Attorney General to bring a civil action for recovery for any violation of the IFCA, regardless of who the "State" is for any particular false claim. *See* 470 ILCS 175/4(a). As a result, the Attorney General, as the legal officer of the State, is the only person who represents the State, both as the State of Illinois and including the entities encompassed by the IFCA's definition of State, in IFCA cases and controls how IFCA litigation is conducted. *See Scachitti*, 215 Ill. 2d at 512-13; *Environmental Protection Agency*, 69 Ill. 2d at 398-99.

Accordingly, the IFCA by its terms recognizes the Attorney General's role as the sole representative of the State, including the Attorney General's authority to investigate, initiate, intervene, and dismiss IFCA claims. *See* 740 ILCS 175/6(a)(1) (granting the Attorney General the sole power to issue subpoenas for documents and testimony); 740 ILCS 175/4(b)(1) (providing that an action initiated by a private person "may dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting."); 740 ILCS 175/4(d)(3) (providing that if a Court dismisses the relator from the litigation, "[s]uch dismissal shall not prejudice the right of the State to continue the action, represented by the Attorney General.").

In circumstances where the Attorney General declines to intervene in an IFCA action brought by a private person, that private person can then proceed with the litigation on the Attorney General's behalf as a relator. 740 ICS 175/4(b)(3). When a relator handles the case, the IFCA definition of State is not altered, and it does not subsequently exclude which governmental entities continue to be considered the State. Logically, then, when a relator continues with a case on behalf of the State, that recovery necessarily would include damages suffered by affected municipalities. And false claims cases do function in this way. Cases routinely name "the State

6

of Illinois ex rel. relator" in a caption, even when the defrauded party at issue was one of the smaller governmental entities enumerated in the statute's definition of State. *See*, *e.g.*, *State of Illinois ex rel. Wilke v. Ameresco, Inc.*, 2020 IL App 4th 180563-U (where relators allege the defendant defrauded two school districts); *State of Illinois ex rel. Edmondson v. Bd. of Trs. of Ill. Eastern Community Colleges*, 2019 IL App (5th) 180333 (where relator alleges the defendant defrauded a community college district).

Nothing in the IFCA requires that each and every governmental subdivision be enumerated in the complaint or added as a party to permit the Attorney General to seek recovery. That is because affected municipalities do not have an independent cause of action under the IFCA or exercise any control over IFCA litigation. By the very terms of the IFCA, only the Attorney General can bring an IFCA case on his own, and only the Attorney General can decline a case and allow a relator to proceed. Since the IFCA defines State broadly, the Attorney General (or relator in a declined cases) can seek broad relief, including in cases like this, where the evidence is clear that several municipalities were directly impacted by Lowe's conduct.

## CONCLUSION

WHEREFORE, the Attorney General requests that this Court (1) include Retailers' Occupation Taxes owed to municipalities in the calculations for damages, fines, and fees; (2) reject Defendant Lowe's arguments that municipalities should be excluded from any such calculations; and (3) award any other such relief that is fair and just.

7

FILED DATE: 1/7/2022 11:50 AM    2015L050776

Dated: January 7, 2022

Respectfully submitted,

KWAME RAOUL
Attorney General for the State of Illinois

By: /s/ Elizabeth Morris
Harpreet Khera
Elizabeth Morris
Isaac Jones
Office of the Illinois Attorney General
Special Litigation Bureau
100 West Randolph Street, 11th Floor
Chicago, Illinois 60601
(312) 814-3000
Attorney No. 99000

*Attorneys for the State of Illinois*

FILED DATE: 1/7/2022 11:50 AM    2015L050776

## **CERTIFICATE OF SERVICE**

I, Elizabeth Morris, an attorney, hereby certify under penalties as provided by law pursuant to 735 ILCS 5/1-109 that the statements set forth in this certificate of service are true and correct, and that I caused a copy of the foregoing document to be served upon those listed below via electronic mail on January 7, 2022:

Mark P. Rotatori
JONES DAY
77 W. Wacker Dr.
Chicago, IL 60601
mprotatori@jonesday.com

John M. Allan
Antoinette L. Ellison
JONES DAY
1420 Peachtree St. NE, Suite 800
Atlanta, GA 30309
jmallan@jonesday.com
aellison@jonesday.com

*Counsel for Defendant Lowe's*

Leonard A. Gail
Suyash Agrawal
Paul Berks
MASSEY & GAIL LLP
50 E. Washington, Suite 400
Chicago, IL 60602
lgail@masseygail.com
sagrawal@masseygail.com
pberks@masseygail.com

*Counsel for Relators*

/s/ Elizabeth Morris
Elizabeth Morris
Deputy Chief, Special Litigation Bureau
Office of the Illinois Attorney General
100 West Randolph Street, 11th Floor
Chicago, Illinois 60601
Attorney Cell Phone: (773) 590-7965
Attorney No. 99000

9